# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JUDONA MITCHELL | * | CIVIL ACTION |
| VERSUS | * | NO. 06-04021 |
| THE CITY OF NEW ORLEANS, ET AL | * | SECTION: "J" |
| * * * * * * * * | * | MAG. "4" |

## DEFENDANTS' STATEMENT OF UNCONTESTED MATERIAL FACTS

**NOW INTO COURT**, comes Defendants through undersigned counsel who hereby submit the following uncontested material facts in support of its Motion for Summary Judgment:

1. On April 13, 2011, former New Orleans Police Department ("NOPD") Officers Melvin Williams and Matthew Moore were convicted in the death of Raymond Robair ("Robair") which occurred on July 30, 2005.[1]

2. Williams was found guilty of causing Robair's death while depriving him of his civil rights and aiding and abetting by filing a false police report.

3. Moore was convicted of aiding and abetting obstruction of justice by filing a false police report.

4. The testimony at trial revealed that both Williams and Moore and were working an overtime patrol in the 1500 block of Dumaine St. in New Orleans when they encountered Robair.

5. Williams was the driver of the NOPD patrol car and Moore was his passenger.[2]

6. Moore was a recruit in training and was under the supervision of Williams, his field

---

[1] See *U.S. v. Moore*, 708 F.3d 639 (5th Cir. 2013).
[2] Id.

training officer.[3]

7. Moore testified that when Robair saw him and Williams he attempted to run, but he fell to the ground at which time Moore got on top of him.[4]

8. Williams' testimony was consistent with Moore's and both denied beating or kicking Robair.[5]

9. Four neighborhood witnesses gave inconsistent testimony at trial that Williams kicked and beat Robair across the legs and torso with his metal police baton while Moore held Robair down on the ground.[6]

10. The officers drove Robair to Charity Hospital and advised the doctors that Robair may have ingested cocaine because they found a bag of crack in the backseat of the police car.[7] Therefore, the doctors treated him for a drug overdose.

11. Although test results confirmed that Robair had cocaine in his system, it was not the cause of death.[8]

12. Robair later succumbed to his injuries from internal bleeding to a ruptured spleen.[9]

13. Two autopsies were conducted, one by the Orleans Parish Coroner Dr. McGarry and one by the government's expert, Dr. Sperry.[10]

14. Both doctors gave consistent causes of death, however, Dr. Sperry further concluded evidence existed to indicate that Robair was the victim of a beating, and the injuries to his ribs and spleen were consistent with a kick. [11]

---

[3] Id.
[4] See transcript of Moore's testimony in U.S. v. Moore, Case No. 2:10-cr-00213 (Rec. Doc. 169, pgs. 54-56 of 183).
[5] Id. at 57, 156-157, 165.
[6] *U.S. v. Moore*, 708 F.3d 639, 643 (5th Cir. 2013).
[7] Id.
[8] Id. at 644.
[9] Id. at 644.
[10] Id.
[11] Id.

15. Dr. McGarry declared Robair's death an accident, but Dr. Sperry declared Robair's death a homicide.

16. The NOPD Homicide Unit immediately began an investigation into the death of Mr. Robair on July 30, 2005 and issued a report documenting its finding.

17. Additionally, the NOPD Public Integrity Bureau ("PIB") initiated an investigation into potential police misconduct of Williams and Moore following a complaint received on July 31, 2005.[12]

18. After an investigation of the allegations of police misconduct, PIB Sgt. Daniel Wharton determined that the complaint against Williams and Moore was " unfounded" for to the following reasons: 1) inconsistent testimony of neighborhood witnesses; 2) the autopsy report of Orleans Parish Coroners Dr. Paul McGarry and Dr. Frank Minyard, the classified Robair's death as accidental; and 3) the Orleans Parish District Attorney's Office refused criminal charges against Williams and Moore because there was insufficient evidence to determine whether they acted in conformity.[13]

19. Sgt. Wharton instituted a second PIB investigation after it was learned that Williams and Moore were convicted for the death of Robair following a federal jury trial.[14]

20. Wharton subsequently found that Williams and Moore violated NOPD Rule 2 for Moral Conduct by failing to adhere to the Law and they were both suspended and subsequently terminated form employment with NOPD.[15]

21. Former NOPD Superintendent Edwin Compass was not present when Williams and

---

[12] See Affidavit of Sgt. Daniel Wharton with PIB DI-1 documented under PIB Control No. 05-875-C attached hereto as Exhibit 1 in globo.
[13] See PIB Report of Sgt. Daniel Wharton documented under PIB Control No. 05-875, dated July 2, 2008 with Exhibits, attached hereto as Exhibit 1-A in globo.
[14] See PIB report of Sgt. Daniel Wharton documented under PIB Control No. 10-1065-R dated July 5, 2011, attached hereto as Exhibit 1-D in globo.
[15] Id. See also termination notice for Moore attached hereto as Exhibit 2 and termination notice for Williams attached hereto as Exhibit 3.

Moore encountered Robair on July 30, 2005 and was not personally involved in the death of Robair.

22. Anthony Cannatella was not present when Williams and Moore encountered Robair on July 30, 2005 and was not personally involved in the death of Robair.

Respectfully Submitted,

*/s/Churita H. Hansell*
**CHURITA H. HANSELL**, LSB#25694
DEPUTY CITY ATTORNEY
1300 Perdido Street, Room 5E03
New Orleans, Louisiana 70112
Telephone: (504) 658-9850
Fax: (504) 658-9868
chhansell@nola.gov
**E. PATRICK EAGAN, LSB# 34848**
ASSISTANT CITY ATTORNEY
**ISAKA R. WILLIAMS, LSB# 29704**
ASSISTANT CITY ATTORNEY
**CHERRELL R. SIMMS, LSB# 28227**
SR. CHIEF DEPUTY CITY ATTORNEY
**REBECCA H. DIETZ, LSB# 28842**
CITY ATTORNEY

and

*/s/Anthony Cannatella, Jr.*
_____
**Anthony Cannatella, Jr. in his capacity as the**
Administrator of the Succession of Anthony
Cannatella, Sr.
Pro Se
1258 Helios Ave.
Metairie, Louisiana 70005
Telephone: (504)234-2557

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleadings have been forwarded to opposing counsel via e-filing this 26th day of February, 2016.

/s/ Churita H. Hansell
_____
CHURITA H. HANSELL