UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JUDONNA MITCHELL and LaSHONDA SAULSBERRY** | **CIVIL ACTION** |
| Plaintiffs | NO. 06-4021 J-4 |
| | |
| **CITY OF NEW ORLEANS**, Former NOPD Superintendent **EDDIE COMPASS**, | **JUDGE BARBIER** |
| NOPD Officers **MELVIN WILLIAMS** and **DEAN MOORE**, NOPD Sgt. **J. DOE**, | **MAGISTRATE ROBY** |
| NOPD Lt. **R. ROE** AND NOPD Capt. **ANTHONY CANNATELLA** | **JURY TRIAL** |
| Defendants | |

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR CONTINUANCE OF TRIAL DATE AND PRETRIAL DEADLINES

For the following reasons, plaintiffs Judonna Mitchell and LaShonda Saulsberry move the Court for a continuance of the current trial date of May 23, 2016, and for an extension of all pending pre-trial deadlines. Despite diligent efforts of counsel, due to various circumstances in this case, plaintiffs must now seek a continuance of the May 23, 2016 trial date and the pending pre-trial deadlines. Plaintiffs have contacted counsel for defendants the City of New Orleans, Edwin P. Compass, III, Melvin Williams and Matthew Dean Moore, all of whom have stated that they have no objection to this Motion and join in this request. Defendant Anthony Cannatella, Jr., in his Capacity as Administrator of the Succession of Anthony Wayne Cannatella, Sr., *pro se*, objects to the continuance.

This civil rights case arises from the death of Raymond Robair, who died on July 30, 2005 as a result of injuries sustained in the Treme neighborhood of New Orleans while in the custody of then New Orleans Police Department Officers Melvin Williams and Matthew Dean Moore. After Officer Williams brutally beat Mr. Robair without any justification or provocation, and Officer Moore stood by without intervening to stop the beating, the two

embarked on an extended cover-up that lasted more than five years. Their evasive scheme included lying to Charity Hospital staff about Mr. Robair's condition, fabricating a police report that failed to mention any use of force, lying to state and federal law enforcement about the incident, and ultimately lying under oath at their criminal trial.[1]

In 2010, a federal grand jury indicted both officers in connection with Mr. Robair's death and the subsequent cover-up.[2] On April 13, 2011, a jury convicted both officers on all charges.[3] The Fifth Circuit Court of Appeals affirmed the convictions and sentences, *United States v. Matthew Dean Moore and Melvin Williams,* 708 F.3d 639 (5th Cir. 2013), and Melvin Williams and Matthew Dean Moore are both in the custody of the U.S. Bureau of Prisons.

Mr. Robair's two adult daughters filed this civil suit in 2006. The district court entered a stay in this case in 2007 pending resolution of the criminal investigation and the prosecution that followed. The case was reopened April 23, 2015. (Doc. 16). After lifting the stay, the Court scheduled a two-week jury trial to begin May 23, 2016. (Doc. 20). Since entry of the scheduling order, plaintiffs filed a First Amended Complaint, (Doc. 36), and counsel for the parties have engaged in substantial written discovery, including interrogatories and requests for production. Plaintiffs have also served 105 separate requests for admission on the City and on Compass, and 124 separate requests for admission on Williams and Moore. Defendants the City, Compass, Williams, and Moore responded to the requests for admission, and the City also provided amended responses. Plaintiffs also issued a *Touhy* subpoena to the United States Department of Justice in December 2015 for documents related to its criminal investigation and prosecution.

---

[1] While counsel for all represented parties have consented to the filing and grant of this motion, these statements concerning Mr. Robair's death and the subsequent investigations represents plaintiffs' description of the facts.

[2] *United States v. Melvin Williams and Matthew Dean Moore,* Cr. No. 10-213-L (E.D.La.) (Doc. 1).

[3] *United States v. Melvin Williams and Matthew Dean Moore,* Cr. No. 10-213-L (E.D.La.) (Doc. 97-4).

The government has responded with over one thousand pages of documents, a number of which were recently produced.

In the fall of 2015, plaintiffs' counsel initially raised with defense attorneys Eric Hessler and C. Theodore Alpaugh, III, the issue of a possible conflict in Eric Hessler's representation of defendant Williams in this civil case, in light of his prior representation of defendant Moore in the criminal case where they were co-defendants Mr. Alpaugh ultimately advised undersigned counsel in January 2016 that Moore has not and will not waive any conflict of interest arising from Eric Hessler's representation of Williams in this case.[4]

On January 14, 2016, plaintiffs filed an *Ex Parte* Motion for Suspension of Pretrial Deadlines Pending Determination of Potential Conflict of Interest in Representation of Defendant Melvin Williams. (Doc. 60). The Court granted the motion on January 20, 2016. (Doc. 62). On January 29, 2016, Eric Hessler moved to withdraw as attorney for Melvin Williams. (Doc. 64). On January 29, 2016, the Court granted Eric Hessler's motion and ordered that James Mullaly be substituted as counsel for Williams.

The parties had scheduled depositions in this case early this year, but were unable to go forward as scheduled due to the uncertainty around Eric Hessler's representation of defendant Williams and the added complications of having two parties in custody. Defendant Moore was moved to a half-way house and is reportedly due for release on May 10, 2016. Williams is serving a lengthy prison sentence. Williams' deposition will necessarily require out of state travel and other logistical arrangements. Moore should be readily available for deposition locally and able to more fully participate in these proceedings upon his release from the half-way house.

---

[4] Mr. Alpaugh's response was delayed by an extended bout of pneumonia and the difficulty in communicating with his incarcerated client.

Plaintiffs' counsel has also raised concerns with the City as to whether the City intends to raise or waive any conflicts issues related to James Mullaly's representation of Williams, as Mr. Mullaly served as an Assistant City Attorney in the police litigation unit of the City Attorney's office from 1999 through October 2012. This civil case was pending for at least six of the years that Mr. Mullaly served in that office. The City has recently advised, verbally through counsel, that the City does not believe there is an actual or potential conflict *at this time* as James Mullaly was not assigned to this particular case during his tenure at the City Attorney's office. Plaintiffs recently raised this matter again with the City as the City has indicated that it intends to pursue a defense that defendants Moore and Williams, whom the City previously represented in this matter, were not acting in the course and scope of their employment. Defendants Moore and Williams have admitted in response to plaintiffs' request for admission that they were acting in the course and scope of their employment with the City on July 30, 2005. The City has verbally informed counsel that they would consider this matter further. Obviously the issue of conflict-free counsel is essential in proceeding further in this case. The delays regarding clarification of this issue have affected the ability of the parties to properly prepare for trial.

May 23, 2016 is the first trial setting in this case, and the parties have not previously requested a continuance of the trial. Moreover, the trial deadlines which were previously suspended have not been re-set.

For these reasons, plaintiffs request that the Court issue an order continuing the trial date and all pending pre-trial deadlines, to be rescheduled by the Court.

Respectfully submitted,

MARY E. HOWELL # 7030, T.A
Attorney at Law
316 S. Dorgenois Street
New Orleans, LA 70119
(504) 822-4455
maryhowell316@gmail.com

and

*/s/ Maureen Blackburn Jennings*
MAUREEN BLACKBURN JENNINGS
(La. Bar #3100)
Attorney at Law
3 Riverway, Suite 1800
Houston, TX 77056
(713)   209-2930
maureen@maureenjenningslaw.com

Attorneys for Plaintiffs, Judonna Mitchell and LaShonda Saulsberry

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that all counsel of record for the represented defendants will be served with a copy of this motion via the Court's CM/ECF system.   Undersigned counsel also certifies that a copy will be served by mail and by e-mail on Anthony W. Cannatella, Jr., Succession Representative of Anthony W. Cannatella, Sr., on March 15, 2016.

*/s/ Maureen Blackburn Jennings*