UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JUDONA MITCHELL** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 06-04021** |
| | * | |
| **THE CITY OF NEW ORLEANS, ET AL** | * | **SECTION: "J"** |
| | * | |
| *    *    *    *    *    *    *    * | * | **MAG. "4"** |

### DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS/MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT**,

Defendants, the City of New Orleans, Edwin P. Compass, III., ("Compass") and Anthony Cannatella, Jr. on behalf of the deceased Anthony Cannatella, Sr. ("Cannatella") hereby submit the following reply memorandum in support of its Motion to Dismiss/Motion for Summary Judgment and in response to Plaintiffs' Opposition.

1. **Plaintiffs have failed to state a claim against the City, Compass and Cannatella**

Plaintiffs erroneously assert that its allegations against Compass and the defendants herein state a claim under the *Twombly/Iqbal* guidelines. (Rec. Doc. 75, pg. 7). However, it is well settled that to "state a claim for relief that is plausible on its face" the plaintiffs must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " Id. Mere conclusory statements, do not suffice. Id.

Here, the facts alleged by Plaintiffs against the City, Compass and Cannatella, fall well below the line between possibility and plausibility of entitlement to relief.  Plaintiffs' erroneously assert that paragraphs 22-28 and 40 sufficiently state a claim for relief against Compass, however these paragraphs assert vague and conclusory allegations against Compass without any specific facts to support them.  (Rec. Doc. 75, pg. 7).  Additionally, these allegations fail to meet the standards espoused by the Supreme Court for supervisory liability under *Monell*, because Plaintiffs have failed to plead with specificity or offer any proof to substantiate the claims asserted against Compass, Cannatella and the City in its Original and Amended Complaint.  It's not enough for Plaintiffs to simply recite conclusory statements such as those asserted on pages 8 and 9 of their Opposition Memorandum in an attempt to establish a "custom or policy" of Compass or the City. (Rec. Doc. 75, pgs. 8-9).

Additionally, similar to the claims against Compass, Plaintiffs also make conclusory allegations in par. 32 against Cannatella and other un-named supervisors by claiming "Compass, Sgt. Doe, Lt. Roe and Capt. Cannatella had knowledge of the wrongs done and conspired to be done", etc.  (Rec. Doc. 75, pg. 10).  Once again these conclusory statements without any further facts to substantiate them fail to meet the pleading requisites of *Iqbal* and fail to support a claim for conspiracy.  Also, because Plaintiffs have failed to state a claim against Compass and Cannatella or offer any evidence of wrongdoing on their part, they are entitled to Qualified Immunity under federal and state law.

Accordingly, Plaintiffs have failed to state a claim against Compass, Cannatella and the City that would entitled them to relief.  Moreover, any request to amend their pleadings in this nearly 10 year old case should be denied as Plaintiffs have had ample time to amend pleadings and did so once pursuant to this Court's Scheduling Order on July 30, 2005.  (Rec. Doc. 36).

**2. Plaintiffs request for additional time under Rule 56(d) should be denied.**

In the case at bar, Plaintiffs assert they should be granted additional time to conduct discovery under Rule 56(d)(2). (Rec. Doc. 75, pgs. 11-13). However, Plaintiffs acknowledged "that the parties have engaged in substantial written discovery, including interrogatories and requests for production." (Rec. Doc. 75-2, par. 4). Additionally, Plaintiffs acknowledge the City responded to 105 separate requests for admission and also provided amended responses. (Rec. Doc. 75-2, par.4).

Also, on August 18, 2015, Defendants Responded to Plaintiffs' Request for Production of Documents and submitted twenty two (22) NOPD policies in place as of the date of the incident involving Robair's death on July 30, 2005.[1] Furthermore, Defendants supplemented its Discovery twice with additional policies, Sgt. Daniel Wharton's PIB report, suspension and termination records for Williams and Moore per the Plaintiffs' request.[2] (insert footnote). Thus, there is no need for a Rule 30(b)(6) deposition as Plaintiffs asserted in their opposition because they have already received policies and records of the City through the course of discovery. (Rec. Doc. 75, pg. 13).

Furthermore, Plaintiffs have failed to set forth "a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion,". Rec. Doc. 75, pg. 12); *citing McKay v. Novarits*, 751 F.3d 694, 7600 (5th Cir. 2014). Plaintiffs should not be allowed a prolonged fishing expedition to bolster their case when they have failed to allege with specificity any allegations that would entitle them to relief

---

[1] See the City's Responses to Request for Production of Documents attached hereto as Exhibit 7.
[2] See the City's Supplemental Responses to Request for Production of Documents attached hereto as Exhibit 8 in globo, 2nd Supplemental Responses to Request for Production of Documents attached hereto as Exhibit 9 in globo; the City's Amended Responses to Request for Admissions as Exhibit 10, in globo and Declaration as Exhibit 11.

pursuant to *Monell*.

**3. Plaintiffs have failed to produce any evidence that would preclude summary judgment**

Not only has Plaintiffs failed to identify any official policy or custom that was the moving force behind any constitutional deprivation of Raymond Robair's rights, but they have failed to offer any evidence to support their allegations.

The law is clear, "if the moving party has made an initial showing that there is no evidence to support the non-moving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue".[3] "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence.[4] The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim".[5] "Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support Plaintiff's opposition to Defendant's motion".[6]

Plaintiffs' have been given more than enough evidence through the course of discovery and still are unable to point to any policy, custom or ordinance to create a genuine dispute as to a material fact to defeat summary judgment. Defendants referenced NOPD's policies on Excessive Force and Moral Conduct in support of its Motion to prove the City does not have a policy or custom of violating citizens' constitutional rights.[7] However in addition to these policies, Defendants submitted twenty (20) additional NOPD policies to Plaintiffs through discovery which further support that the City and/or NOPD did not have a policy or custom of violating

---

[3] *Matsushita,* 475 U.S. at 586, 106 S.Ct 1348 (1986).
[4] *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (La. All. Ct. 5 Cir.)., cert denied, 513 U.S. 871, 115 S. Ct 195 (1994).
[5] *Ragas*, 136 F.3d at 458.
[6] *Id*.; *Skotak v. Tenneco Resins, Inc*., 953 F.2d 909, 915-16 & n.7 (5th Cir.)., cert denied, 506 U.S. 832, 113 S. Ct. 98 (1992).
[7] See Affidavit of Brian Monteverde attached hereto as Exhibit 12 , verifying Exhibits 4, NOPD Excessive Force Policy and Exhibit 5, NOPD Rule on Moral Conduct were the policies in place on July 30, 2005.

constitutional rights.[8]  Despite having received these policies and the voluminous discovery produced in this case, Plaintiffs have failed to produce any evidence to support its unsubstantiated assertions that the Defendants herein promulgated a policy that violated Robair's rights. Furthermore, Plaintiffs have failed to show a causal link/ connection between any of the policies and the deprivation of Robair's constitutional rights.

Additionally, Plaintiffs' feeble attempt to create an unwritten policy, custom or pattern on page 9 of their Opposition to show "a policy or custom" of stopping and harassing African Americans or those associate with them or in predominantly African American neighborhoods" or that Compass "set the tone for these incidents" also fails. (Rec. Doc. 75, pg. 9).  It is well established that the burden of providing a context that would show such a pattern falls on the plaintiff not on the City.[9]  A pattern requires similarity and specificity, prior indications cannot be for any and all bad or unwise acts, but must point to the specific violation in question. [10] Further, Plaintiffs must show a direct causal link between the policy and the violation.[11]   In this case, Plaintiffs fail to state a claim or offer any evidence to support an unwritten policy or custom of to show a pattern of incidents similar to those that form the basis of this litigation. Accordingly, Defendants' motion should be granted.

4. **Defendants' exhibits are competent evidence to support its alternative Motion for Summary Judgment**

Plaintiffs falsely contend the City did not submit competent summary judgment evidence or citations in its Statement of Uncontested Material Facts, yet they do not refute or dispute the

---

[8] See  pgs. 11-12 of  Exhibit 7.
[9] See *Peterson v. City of Fort Worth,* 568 F.3d 838, 851 (5th Cir. 2009),  holding that "27 incidents of excessive force over a period of four years do not reflect a pattern that can be said to represent official policy of condoning excessive force so as to hold the city liable for the acts of its employees' unconstitutional conduct". Id at 852.
[10] Id. at 851, *citing Estate of Davis v. City of North Richland*, 406, F.3d. 375, 383 (5th Cir. 2005).
[11] Id.  at  848.

facts nor have they offered any evidence contrary to those facts. (Rec. Doc. 75, pgs. 13-15, 75-1).  Contrary to Plaintiffs' claims, matters that are admitted need not be proven.  Fed. Rule Civ. Proc. 36(b), in part provides: "a matter admitted under this rule is conclusively established unless the court, on motion permits the admission to be withdrawn of amended."  Additionally, "a party cannot attack issues of fact established in admissions by resisting a motion for summary judgment.  *Simien v. Chemical Waste Management*, 30 F.Supp.2d 939 (W.D. La. 1998), affirmed by, 174 F.3d 199 (5th Cir. 1999).

In the case at bar, Plaintiffs confirmed Defendants submitted Responses to their Requests for Admissions. Thus, any fact already admitted by Defendants in its Responses to the Request for Admission is already established and need not be proven.  For example, Defendants have already admitted that Williams and Moore were convicted in federal court as specified in the Amended Responses to Requests for Admissions numbers 104 and 105.[12]  Therefore, Plaintiffs' objections to paragraphs 1 and 2 of   Defendants' Uncontested Statement of Material Facts are moot.  Moreover, the facts asserted within the Defendants statement of fact were the same facts presented to the jury in the criminal trial of which both Williams and Moore testified.[13]  The transcript of Moore's testimony revealed that he was working overtime on patrol in 1500 block of Dumaine on July 30, 2005. [14]  Williams testified consistent in that he was also working overtime with Moore on July 30, 2005.[15]

Furthermore, not only is Sgt. Daniel Wharton's Affidavit based on his personal knowledge, it

---

[12] See Response no. 104 and 105 of  the City's Amended Responses to Request for Admissions attached hereto as Exhibit 10.
[13] See trial transcript of Matthew Moore's testimony in U.S. v. Williams, 10-cr-213, Rec. Doc. 169, attached hereto as Exhibit 13 and  trial transcript of  Melvin Williams' testimony attached hereto as Exhibit 14.
[14] Exhibit 13, pgs. 50-51,53.
[15] Exhibit 14, pg. 153, lines 5-15.

is also consistent with his sworn testimony at Williams and Moore's criminal trial.[16] Sgt. Wharton testified at the criminal trial consistent with his report in that he initially found the violations unfounded based on, the misidentification of a female officer, the coroner's report finding Robair's death an accident and the refusal of the DA to prosecute.[17] Also, the documents he relied upon in support of his investigation are admissible pursuant to Fed. Rule Evid. 803 under the business records exception because they are records kept in the regular course of business. Therefore, Plaintiffs' objection to Defendants statement number 18 as not relying on admissible evidence and unauthenticated documents is false. (Rec. Doc. 75-1, pg. 5).

Plaintiffs' objection to the Notifications of Suspension attached to Wharton's report, is also not disputed.  Deputy Chief Arlinda Westbrook executed an Affidavit attesting to her authorization of the Suspension and her signature on the documents attached to Wharton's report.[18]  Finally, although Plaintiffs object to the documents attached to Sgt. Wharton's Affidavit they have not disputed the fact that Williams and Moore were investigated for police misconduct and subsequently terminated for misconduct.[19]

Furthermore, Plaintiffs object to statement numbers 21 and 22 regarding Compass and Cannatella's lack of personal involvement with the death of Robair should also be disregarded, because Plaintiffs have failed to offer any evidence to refute this statement.  (Rec. Doc. 75-1, pg. 5).  It is undisputed that neither Compass nor Cannatella, were present with Moore and Williams when they encountered Robair on July 30, 2005.  It is further undisputed that the only officers of NOPD that were prosecuted for being involved in Robair's death was Moore and Williams. The

---

[16] See transcript of testimony of Sgt. Danny Wharton at the trial of U.S. v. Williams and Moore, 10-cr-0213 attached hereto as Exhibit 15.
[17] Exhibit 15, pgs. 25, lines 16-20, pg. 16, lines2-5, pg. 29, lines8-14 and pg. 30, lines 7013.
[18] See Affidavit of Arlinda Westbrook attached hereto as Exhibit 16.
[19] See Exhibit 17, the Affidavit of Stephanie Landry attesting to the Exit Interview-Termination of Moore and Williams previously attached as Exhibits 2 and 3; and Compass as Exhibit 6.

burden is on Plaintiffs to prove Compass and Cannatella violated Robair's constitutional rights. Thus, all evidence and exhibits presented herein and in Defendants Memorandum in Support show that there are no genuine issues in dispute as to any material fact and the defendants are entitled to summary judgment as a matter of law.

## CONCLUSION

Plaintiffs have failed to state a claim upon which relief can be granted and have offered no evidence to create a genuine dispute as to a material fact that would preclude summary judgment.  The parties have engaged in extensive discovery whereby voluminous documents, policies, and reports have been provided to Plaintiffs by the City.  Therefore, Plaintiffs request for an extension to conduct additional discovery should be denied and Defendants Motion to Dismiss or in the alternative Motion for Summary Judgment should be granted.  Defendants herein, further pray that all claims against them be dismissed with prejudice.

Respectfully Submitted,
/s/*Churita H. Hansell*
**CHURITA H. HANSELL**, LSB#25694
DEPUTY CITY ATTORNEY
1300 Perdido Street, Room 5E03
New Orleans, Louisiana 70112
Telephone:  (504) 658-9850
Fax: (504) 658-9868
chhansell@nola.gov
**E. PATRICK EAGAN, LSB# 34848**
ASSISTANT CITY ATTORNEY
**ISAKA R. WILLIAMS, LSB# 29704**
ASSISTANT CITY ATTORNEY
**CHERRELL R. SIMMS, LSB# 28227**
SR. CHIEF DEPUTY CITY ATTORNEY
**REBECCA H. DIETZ, LSB# 28842**
CITY ATTORNEY

and

/s/*Anthony Cannatella, Jr.*
_____

8

>Anthony Cannatella, Jr. in his capacity as the
>Administrator of the Succession of Anthony Cannatella, Sr.
>Pro Se
>1258 Helios Ave.
>Metairie, Louisiana 70005
>Telephone: (504)234-2557

## CERTIFICAT E OF SERVICE

I hereby certify that a copy of the above and foregoing Motion to Leave to file Supplemental Memorandum, has been served upon counsel electronically this 20th day of March, 2016.

>/s/ Churita H. Hansell
>**CHURITA H. HANSELL**