

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JUDONNA MITCHELL, ET AL | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 06-4021 |
| CITY OF NEW ORLEANS, ET AL | * | SECTION: "J" |
| | * | MAG: "4" |
| * * * * * * * * | | |

**RESPONSE TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, THE CITY OF NEW ORLEANS**

To: Judonna Mitchell,
Through her attorney of record
Mary E. Howell
316 S. Dorgenois Street
New Orleans, LA 70119

**NOW COMES** defendant, the City of New Orleans, and responds to Plaintiff's First Set of Request for Production of Documents as follows:

**REQUEST NO. 1:**

As to the incident involving Raymond Robair(deceased), please produce any and all documents including but not limited to the following:

1. Any and reports, including but not limited to incident, supplemental, supervisory, disciplinary, investigative reports, medical, notes, drafts, affidavits or other sworn or unsworn statements, preliminary reports, investigative files, CAD/Incident Recall, photographic lineups, photos of physical lineups, witness statements, use of force reports, FIC, etc.

2. Any and all physical evidence, including any taken from Raymond Robair

1

and/or gathered or involved in connection with The Incident, and any chain of custody logs, record books and other documents prepared in connection with such evidence, including any notes, records or reports made concerning any testing performed in connection with said evidence.

3. Any and all documents, including but not limited to time logs, trip sheets, mileage reports, attendance logs, activity sheets, daily report sheets (dailys), communications, radio and dispatch calls, CAD, arrest and incident reports, FICs, etc. reflecting the activities and location of Anthony W. Cannatella, Sr. a/k/a Anthony Cannatella, Melvin Williams and Matthew Dean Moore a/k/a Dean Moore from June 30, 2005 through August 30, 2005.

4. Any and all recording and transcripts of any police, ambulance, civilian and/or other phone calls, text messages, dispatches, e-mails, 911 calls and other communications concerning the incident.

5. Any and all documents, including but not limited to photographs, medical records, notes, sick call sheets, first report of injury records, workers comp reports, insurance reports, autopsy reports, other documents concerning any injury, illness, or treatment received by any defendant or any other person, including Raymond Robair, in connection with The Incident.

6. Any and all written or recorded statements, tape recordings, FIC or field interrogation inquiry cards, notes or memorandum or any sort, including but not limit dot statements made by any witnesses regarding The Incident.

7. Any and all photographs, diagrams, sketches, models, and reports of crime scene technicians, crime laboratory personnel, including those of coroner's office investigators or personnel which are in the custody, control or possession of any one or more of the defendants, related to any person, place or thing in connection with The Incident.

8. Any and all inter-office communications, including but not limited to teletype communications, computer print-outs, or other inter-unit or inter-agency communications concerning The Incident, and any notes and memoranda by any supervisors and/or investigators concerning reports made to him/her by any other officer(s) or person(s) concerning The Incident.

9. Any and all documents which reflect any statement allegedly made by Raymond Robair and any notes, memos or other writing regarding any statement made by Raymond Robair.

10. Any and all document regarding the investigation conducted by the Homicide Division of the NOPD and/or NOPD Sgt. G. Dugue regarding The Incident, including but not limited to any documents which refer to the identity of any or all NOPD officers or other person involved in the investigation, all reports, documents, photographs, notes, correspondence, etc. related to that investigation.

11. Any and all document reflecting work schedules, shifts, payroll records, time cards, duty status, attendance and leave records, and/or assignment and from July 30, 2005 through August 29, 2005, including the hours worked on each date.

12. Any and all documents relating to any internal investigation, criminal and/or

administrative, by the NOPD, including but not limited to any such investigation involving PIB and/or OMI, regarding The Incident, including but not limited to reports, photographs, recordings, transcripts, etc.

13. Any and all documents relating to any and all investigations of The Incident by any law enforcement agencies other than NOPD.

**RESPONSE TO REQUEST NO. 1:**

1. Defendant objects to this request as overly broad, vague, unduly burdensome and not likely to lead to the admissibility of any relevant evidence. Subject to and notwithstanding this objection, please see the supplemental report of Gerard Dugue attached hereto as Exhibit 1.

2. Defendant objects to this request as overly broad in time and scope, vague, unduly burdensome and not likely to lead to the admissibility of any relevant evidence. Subject to and notwithstanding this objection, physical evidence collected in connection with the incident that is the subject of this litigation may be in the custody of the U.S. District Court for the Eastern District under Case No. 10-cr-213 in connection with the federal trial of Melvin Williams and Matthew Dean Moore; the U.S. Attorney's Office or the FBI.

Additionally, see Exhibit 1 – Supplemental report of Gerard Dugue documented as Item No. G-51128-05 which includes photographic line ups and transcribed statements of witnesses. Furthermore, the supplemental report indicates that's all evidence collected for testing in this case was destroyed in Hurricanes Katrina and Rita.

3. Defendant objects to this request as overly broad in time and scope, vague, unduly burdensome and not likely to lead to the admissibility of any relevant evidence. Subject to and notwithstanding the objection see Exhibit 1 which includes the trip sheets of Melvin Williams and Matthew Dean Moore on July 30, 2005, the date of the incident which is the subject of this litigation.

Additional documents responsive to this request may be in the custody of the U.S. District Court for the Eastern District of Louisiana, the U.S. Attorney's Office or the FBI.

4. Defendant objects to this request as overly broad, unduly burdensome, vague and not likely to lead to the admissibility of any relevant evidence. Subject to and notwithstanding this objection, please see Exhibit 1 and response to Request No. 2.

5. Defendant objects to this request as overly broad, unduly burdensome, vague and not likely to lead to the admissibility of any relevant evidence. Subject to and notwithstanding this objection, see medical records of Raymond Robair attached hereto as Exhibit 2

6. Defendant objects to this request as overly broad, unduly burdensome, vague and not likely to lead to the admissibility of any relevant evidence. Subject to and notwithstanding this objection, please see Exhibit 1. See also, response to #2.

7. Defendant objects to this request as overly broad, unduly burdensome, vague and not likely to lead to the admissibility of any relevant evidence. Subject to and notwithstanding this objection, please see Exhibit 1. See also, response to #2.

8. Defendant objects to this request as overly broad, unduly burdensome, vague and not likely to lead to the admissibility of any relevant evidence. Subject to and

5

notwithstanding this objection, please see Exhibits 1 and 2. See also, response to #2.

10. Defendant objects to this request as overly broad, unduly burdensome, vague and not likely to lead to the admissibility of any relevant evidence. Subject to and notwithstanding this objection, please see Exhibit 1.

11. Defendant objects to this request as overly broad, unduly burdensome, vague and not likely to lead to the admissibility of any relevant evidence.

12. Defendant objects to this request as overly broad, unduly burdensome, vague and not likely to lead to the admissibility of any relevant evidence. Subject to and notwithstanding this objection, please see Exhibit 1.

13. Defendant objects to this request as overly broad, unduly burdensome, vague and not likely to lead to the admissibility of any relevant evidence. Subject to and notwithstanding this objection, please see Exhibit 1.

**REQUEST NO. 2:**

Any and all documents relating to any criminal record, including federal, state and municipal arrests, charges and convictions, of Raymond Robair, DOB July 21, 1957, including but not limited to arrest and conviction record, arrest reports, incident, supplemental, supervisory, investigative reports, notes, drafts, affidavits, preliminary reports, investigative files, photographic lineups, photos of physical lineups, witness statements, use of force reports, FIC, notes, drafts, photographs, etc.

**RESPONSE TO REQUEST NO. 2:**

Defendant objects to this request as overly broad and unduly burdensome. Subject to and

notwithstanding this objection, please see the criminal history report of Raymond Robair attached hereto as Exhibit 3.

**REQUEST NO. 3:**

Any and all documents reflecting any interaction between Raymond Robair and any officer or employee of the NOPD, which did not result in criminal charges or arrest, including but not limited to FIC and intelligence reports, confidential source information, stops and interrogations, at any time prior to The Incident.

**RESPONSE TO REQUEST NO. 3:**

Defendant objects to this request as overly broad, unduly burdensome, and vague.

**REQUEST NO. 4:**

Any and all documents reflecting any interaction and/or communication and/or contact between Raymond Robair and any one or more of the defendants Anthony W. Cannatella, Sr. a/k/a Anthony Cannatella, Edwin P. Compass, III a/k/a Eddie Compass, Melvin Williams and/or Matthew Dean Moore a/k/a Dean Moore, prior to The Incident.

**RESPONSE TO REQUEST NO. 4:**

Objection overly broad unduly burdensome and vague. Subject to and notwithstanding the objection, see Exhibit 1.

**REQUEST NO. 5:**

Any and all documents which identify those persons who were in the chain of command, up to and including the Superintendent of Police for the NOPD, for Melvin Williams on July 30, 2005.

**RESPONSE TO REQUEST NO. 5:**

Defendant objects to this request as overly broad in time and scope, unduly burdensome, vague and not likely to lead to the admissibility of any relevant evidence.

**REQUEST NO. 6:**

Any and all documents which identify those persons who were in the chain of command, up to and including the Superintendent of Police for the NOPD, for Matthew Dean Moore a/k/a Dean Moore on July 30, 2005.

**RESPONSE TO REQUEST NO. 6:**

Defendant objects to this request as overly broad in time and scope, unduly burdensome, vague and not likely to lead to the admissibility of any relevant evidence.

**REQUEST NO.7:**

Any and all documents regarding hiring of defendants Edwin P. Compass, III a/k/a Eddie Compass, Anthony W. Cannatella, Sr. a/k/a Anthony Cannatella, Melvin Williams and Matthew Dean Moore a/k/a Dean Moore, including but not limited to applications, resumes, offer letters, references, background investigations, psychological examinations and test scores.

**RESPONSE TO REQUEST NO. 7:**

Defendant objects to this request as overly broad, unduly burdensome, vague and not likely to lead to the admissibility of any relevant evidence. Subject to and notwithstanding this objection, please see the following:

Exhibit 4 – retirement documents of Eddie Compass which include exit interview forms

Exhibit 5 -   Employment forms Anthony Cannatella which includes date hired, positions, rank and inter-office memo regarding retirement date

Exhibit 6 – Employment forms for Melvin Williams which include performance review for Police Officer I, Basic Training Certificate and Exit Interview form

Exhibit 7 – Employment forms for Matthew Dean Moore which include, application for Civil Service, Municipal Training Academy Certificate, Basic Training Certificate and Exit Interview forms.

**REQUEST NO. 8:**

Any and all documents reflecting training, including the NOPD Training Academy, in-service and field training, assignments, shooting reviews, use of force reports, evaluations, promotions, applications for promotion and related testing, complaints, commendations or awards, civil service proceedings including appeals, counseling, DM-ls, discipline, complete Human Resources or personnel file, job descriptions and job responsibilities, and the conclusion of employment of defendants Edwin P. Compass, III a/k/a Eddie Compass, Anthony W. Cannatella, Sr. a/k/a Anthony Cannatella, Melvin Williams and Matthew Dean Moore a/k/a Dean Moore by the New Orleans Police Department, including but not limited to those documents created and/or maintained by personnel, human resources, payroll, the New Orleans Training Academy, the various districts, units, bureaus and task forces where these defendants were assigned and/or performed duties, PJB, IAD, and OMI.

**RESPONSE TO REQUEST NO. 8:**

Defendant objects to this request as overly broad, unduly burdensome, vague and not likely to lead to the admissibility of any relevant evidence. Subject to and notwithstanding this objection, please see Exhibits 6 and 7 for Basic Training Certificates for Melvin Williams and Matthew Dean Moore.

**REQUEST NO. 9**

Any and all documents, including forms, reflecting rules or regulations, policies, procedures, practices, internal memorandum, manuals, videos, recordings, and any other written or recorded materials utilized by the defendant City of New Orleans from January 1, 2000 to September 1, 2005, relating to the NOPD and NOPD staff (1) use of force, including but not limited to use of deadly force, in making stops, arrests and reporting of same, (2) transport of subjects in police custody, (3) treatment and care of persons in need of medical care, (4) communications with dispatchers and supervisory officers regarding persons in custody and/or being transported by NOPD officers, (5) report writing, (6) participation and cooperation with internal investigations, (7) participation and cooperation with other law enforcement agencies' investigations, (8) selection, training, duties and supervision of Field Training Officers (FTOs), (9) Field Training of recruits, including but not limited to restrictions on assignments, requirements of supervision, working overtime, working on task forces and/or proactive patrols, and (10) proactive patrols and/or Task Forces regarding narcotics and weapons in "hot areas" or "hot zones", including but not limited to COPS programs funding overtime for same.

**RESPONSE TO REQUEST NO. 9:**

Defendant objects to this request as overly broad, unduly burdensome, vague and not likely to lead to the admissibility of any relevant evidence. Subject to and notwithstanding this objection, please see the following policies:

Exhibit 8 – Use of Force Report

Exhibit 9 - Field Interviews/Stop & Frisk

Exhibit 10 – Arrests

Exhibit 11 – Arrest Warrants/Wanted Persons

Exhibit 12 – Searches Without Warrant

Exhibit 13 – Prisoner Transportation

Exhibit 14 – Special Transport Situations

Exhibit 15 – Mentally Disturbed Persons/Crisis Transportation

Exhibit 16 – Response to Police Calls

Exhibit 17 – Notifications

Exhibit 18 – Incident Report/Field Report Writing Manual

Exhibit 19 – Rule 2 Moral Conduct

Exhibit 20 – Internal Disciplinary Investigations

Exhibit 21 – Task Forces

Exhibit 22 – District Attorney Screening and Arrest Case Management

Exhibit 23 – Investigation of Major Crime Scenes

Exhibit 24 – Training and Career Development

Exhibit 25 – Training Committee

Exhibit 26 – Firearms/Less Than Lethal Weapon Training/Re-Qualification

Exhibit 27 – Scenario Based Training Safety Protocol

Exhibit 28 – Criminal Investigations

Exhibit 29 – Weapons Training/Re-Qualification

**REQUEST NO. 10:**

All versions of the NOPD Operations Manual in effect from January 1, 2000 through August 29, 2005.

**RESPONSE TO REQUEST NO. 10:**

Defendant objects to this request as overly broad, unduly burdensome, vague and not likely to lead to the admissibility of any relevant evidence. Subject to and notwithstanding this objection, please see the Exhibits 8 through 29.

**REQUEST NO. 11:**

Any and all documents relating to the job performance and employment of defendant Edwin P. Compass, III a/k/a Eddie Compass as Superintendent of Police, NOPD, including but not limited to any documents relating to background investigation, references, appointment, competence, fitness for duty, consideration of re-assignment and termination of employment as Superintendent, including but not limited to documents from, to, or that mention Edwin P. Compass, III a/k/a Eddie Compass, then Mayor C. Ray Nagin, Warren Riley and/or Terry Ebbert.

**RESPONSE TO REQUEST NO. 11:**

Defendant objects to this request as overly broad, unduly burdensome and not likely to lead to the admissibility of any relevant evidence. Subject to and notwithstanding the objection, please see Exhibit 30 attached hereto, which includes letters of Commendation for Edwin P. Compass, III, Separation Notice and Personnel Requisition Form.

**REQUEST NO. 12:**

Any and all documents reflecting any reports, evaluations, reviews, opinions, findings and/or critiques of the policies, procedures and operations of the NOPD, from any source, internal or external to the department and the City, from January 1, 2002 to the present, including but not limited to the complete, unredacted report and related correspondence and communication related to the 2007 report of Brown Group International.

**RESPONSE TO REQUEST NO. 12:**

Defendant objects to this request as overly broad, unduly burdensome and not likely to lead to the admissibility of any relevant evidence.

**REQUEST NO. 13:**

Any and all documents reflecting any reports, evaluations, reviews, opinions, findings, concerns and/or criticisms of the performance and leadership of Edwin P. Compass, III, a/k/a Eddie Compass as NOPD police superintendent, from any source, internal or external to the department and the City, from March 1, 2002 to the present.

**RESPONSE TO REQUEST NO. 13:**

Defendant objects to this request as overly broad, unduly burdensome and not likely to lead to

the admissibility of any relevant evidence.

**REQUEST NO. 14:**

Any and all documents regarding the proposed change of the NOPD Motto "To Protect and to Serve" in 2005, including but not limited to press releases, press conferences, e-mails and all other documents, as defined herein, including those involving then Mayor C. Ray Nagin.

**RESPONSE TO REQUEST NO. 14:**

Defendant objects to this request as overly broad, unduly burdensome and not likely to lead to the admissibility of any relevant evidence.

**REQUEST NO. 15:**

Any and all documents relating to the removal of Edwin P. Compass, III a/k/a Eddie Compass and the appointment of Warren Riley as Superintendent of NOPD, including but not limited to press releases, press conferences, e-mails and all other documents, including those involving then Mayor C. Ray Nagin.

**RESPONSE TO REQUEST NO. 15:**

Defendant objects to this request as overly broad, unduly burdensome and not likely to lead to the admissibility of any relevant evidence. Subject to and notwithstanding the objection, see the separation notice of Edwin P. Compass, III in Exhibits 4 and 30.

**REQUEST NO. 16:**

Any and all documents reflecting complaints, allegations and/or issues related to misconduct, violations of law and/or policies, procedures, practices and orders, and/or

wrongdoing by NOPD officers, the investigation and processing of said complaints and the outcomes thereof, including but not limited to statistical reports and evaluations from January 1, 2002 to January 1, 2006.

**RESPONSE TO REQUEST NO. 16:**

Defendant objects to this request as overly broad in time and scope, unduly burdensome and not likely to lead to the admissibility of any relevant evidence.

**REQUEST NO. 17:**

Any and all documents, created or revised between July 31, 2005 and the date of your response, that reflect or contain instructions, rules, or directives to the City of New Orleans and/or its current and/or former officers, supervisors, employees or contractors, including but not limited to the individual defendants named in this lawsuit, to preserve and not destroy documents related to either Raymond Robair's death on July 30, 2005 and/or the captioned litigation filed July 30, 2006, including but not limited to any document preservation notice or memorandum, litigation hold notice or memorandum, or similar document.

**RESPONSE TO REQUEST NO. 17:**

Defendant objects to this request as overly broad in time and scope, unduly burdensome and not likely to lead to the admissibility of any relevant evidence.

**REQUEST NO. 18:**

Any and all non-privileged communications between the City of New Orleans,

Louisiana or any of its employees, agents, contractors, or attorneys, on the one hand, and Melvin Williams, Matthew Dean Moore a/k/a Dean Moore, Anthony W. Cannatella, Sr. a/k/a Anthony Cannatella, Edwin P. Compass, III a/k/a Eddie Compass, or any of their agents or attorneys, on the other hand. This request is limited to communications between the City of New Orleans, Louisiana, and any person identified above, or his agent or attorney, that were made from the date of termination of that person's employment with the City of New Orleans, Louisiana until the date of your response.

**RESPONSE TO REQUEST NO. 18:**

Defendant objects to this request as overly broad in time and scope, unduly burdensome, vague and not likely to lead to the admissibility of any relevant evidence.

**REQUEST NO. 19:**

Any and all documents related to any written, electronic or oral request to the City of New Orleans, Louisiana by Anthony W. Cannatella, Sr. a/k/a Anthony Cannatella Edwin P. Compass, III a/k/a Eddie Compass, Melvin Williams and/or Matthew Dean Moore a/k/a Dean Moore for indemnification against an award in the captioned matter of compensatory damages and/or punitive damages, and any and all documents related to any response from the City of New Orleans, Louisiana to such request(s).

**RESPONSE TO REQUEST NO. 19:**

Defendant objects to this request as overly broad in time and scope, unduly burdensome, vague and not likely to lead to the admissibility of any relevant evidence.

Defendant reserves the right to supplement this response as further discovery may warrant or require.

<div style="margin-left: 40%;">

Respectfully submitted,

/s/ Churita H. Hansell
**CHURITA H. HANSELL, LSB #25694**
DEPUTY CITY ATTORNEY
1300 Perdido Street
City Hall - 5E03 Floor
New Orleans, Louisiana 70112
Telephone: (504) 658-9800
Facsimile: (504) 658-9868
Email: chhansell@nola.gov
**ISAKA R. WILLIAMS, LSB #29704**
Assistant City Attorney
**E. PATRICK EAGAN, LSB #34848**
Assistant City Attorney
**CHERRELL R. SIMMS, LSB# 28227**
Chief Deputy City Attorney
**SHARONDA WILLIAMS, LSB#28890**
City Attorney

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been forwarded to opposing counsel via electronic mail this 18th day of August, 2015.

<div style="margin-left: 40%;">

/s/ Churita H. Hansell
**CHURITA H. HANSELL**

</div>